74 A.2d 470 (1950)
FETTERS
v.
MAYOR & COUNCIL OF WILMINGTON et al.
Court of Chancery of Delaware, New Castle.
July 7, 1950.
E. Ennalls Berl, of Southerland Berl & Potter, and Harry Rubenstein, all of Wilmington, for plaintiff.
August F. Walz, City Solicitor, and Januar D. Bove, Jr., Assistant City Solicitor, Wilmington, for defendants.
SEITZ, Vice Chancellor.
Because of the necessity for a prompt determination, the Court's decision was announced at the close of the evidence. In view of the importance of the conclusions reached, it seems desirable that such conclusions be reported.
Originally this Court granted defendants' (referring solely to the Water Commissioners) motion to dismiss the complaint with leave to amend. See Del.Ch., 72 A.2d 626. Later defendants' motion to dismiss the amended complaint was denied as to the plaintiff-taxpayer. See Del.Ch., 73 A.2d 644. This is the decision after final hearing.
The amended complaint charged the defendants with what amounted to fraud and gross abuse of discretion in awarding the work involved to a bidder who was not the lowest bidder under a statute requiring that such work be awarded to the "lowest *471 and best bidder". 17 Del.Laws, c. 205, § 8. Defendants denied any fraud or abuse of discretion. What does the evidence show?
I shall not narrate the evidence at length. In substance it showed that the defendants relied principally on the recommendations of their consulting engineers and of their chief engineer. Both appeared to be highly reputable. The recommendations of the engineers that the work be not awarded to the lowest bidder were based on their conclusions that the lowest bidder did not possess an organization of the size or experience of the type necessary to do the work involved in the request for bids. The defendants considered these recommendations and other matters and reached the same conclusion. All parties agreed that the lowest bidder was financially qualified to undertake the work and was not disqualified because of any unfavorable reputation in the contracting field. Indeed, the contrary was true.
I concluded that there was not the slightest evidence to support the charges that the defendants were guilty of fraud in connection with the award or intended from the outset to award the contract to what turned out to be the successful bidder. Premised on these conclusions, I decided that in no event would a mandatory injunction be issued compelling the defendants to award the work to the lowest bidder. The motion to strike the prayer for a mandatory injunction was granted. I leave undecided what showing is necessary to support such a prayer.
Did the defendants abuse the discretion reposed in them by rejecting the bid of the lowest bidder? The answer to this question first requires a further important construction of the "lowest and best bidder" statute under which these defendants were operating. The construction problem is rendered necessary because defendants contend that even if the lowest bidder was qualified, nevertheless, the statutory language still supports the defendants' action in awarding the work to a higher bidder. Is this true? May the water commissioners, under this statute, reject the bid of a low bidder who is reasonably qualified to do the work merely because they believe a higher bidder is even more qualified? I think not. Unless the statute is construed to impose some limitation on the water commissioners in the respect mentioned, the "lowest" requirement can become meaningless in practice. This would be so because in theory, semantics aside, there could be only one "best bidder" and therefore only one "lowest and best bidder". I construe the statute to require the commissioners to award work thereunder to the lowest bidder who is reasonably qualified to perform the particular work involved. This construction gives reasonable effect to both statutory requirements.
The commissioners decided that the lowest bidder was not qualified to do the work involved. Were they reasonably entitled to reach that conclusion? I decide that the commissioners possessed a substantial factual basis from which they were reasonably entitled to conclude that the lowest bidder was not reasonably qualified to do the proposed work through lack of an organization of the size or experience of the type deemed necessary for such work.
True, the investigation of the lowest bidder could have been, and in my view should have been, more thorough. I also think a personal interview of a much more substantial character should have been undertaken with the low bidder by the defendants or their agents. However, I do not think these omissions form a sufficient basis for setting aside what I find to be a judgment reached in good faith and on the basis of substantial evidence. The defendants were guilty of no abuse of discretion.
I particularly desire to emphasize that the duty of public bodies awarding work under statutes of the type here involved is of the highest, and every reasonable effort should be made to evaluate the qualifications of a low bidder before his bid is rejected.
The successful bidder's qualifications were not considered in this lawsuit except as they might possibly reflect upon the *472 good faith of the defendants' actions. I find nothing in the evidence which warrants a conclusion other than that the defendants acted in the utmost good faith.
I therefore conclude that the plaintiff's prayer for a permanent injunction must be denied.
An order accordingly will be entered on notice.